UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT E. AND KAREN M. O'CONNOR,<br><br>          Defendants. | No. 2:14-cv-02392-GEB-CMK<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |

The United States moves for Summary Judgment under Federal Rule of Civil Procedure ("Rule") 56, in which it seeks an order that "reduce[s] to judgment" "the Internal Revenue Service['s] ("IRS") ... assessments of tax[es], penalties and interest against [Defendants]" "for tax years 2003, 2004, and 2007]..." (Memo. Of P & A in Supp. of Mot. for Summ. J. ("Mot.") 2:2-9, ECF No. 12-1.) The United States requests in its motion that the Court:

> determine and adjudge that Defendants Robert E. and Karen M. O'Connor [("Defendants")] are indebted to the United States in the amount of [$]960,116.01, for unpaid federal income tax for tax years 2003, 2004, and 2007, less any additional credits according to proof, plus interest and other statutory additions as provided by 28 U.S.C. §1961(c) and 26 U.S.C. §§ 6601, 6621 from October 31, 2015 and that judgment in that amount should be entered against [Defendants] and in favor of the United States of America.

(Id. 6:22-7:7.)

1

## I. LEGAL STANDARD

A party seeking summary judgment under Rule 56 bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of material in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222,

1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment," . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)); see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. UNCONTROVERTED FACTS

The following facts have been deemed admitted or are uncontroverted in light of the documents submitted under Local Rule 260(b).[1] "[Defendants] timely filed their 2003[, 2004, and

---

[1] Defendants contend that several of Plaintiff's statements of undisputed

1  2007] federal income tax return[s] with the [IRS]." (Defs.' Resp.
2  to Pl.'s Statement of Undisputed Facts ("UMF") No. 1, No. 3, No.
3  5, ECF No. 20.) "Despite th[ese] filing[s], Defendants failed to
4  pay their 2003[, 2004, and 2007] tax liabilit[ies]." (Id.) "[A]
5  duly authorized delegate of the Secretary of the Treasury made
6  assessments against Defendants for United States' individual
7  income tax, penalties, and interest for the tax period[s] ending
8  December 31, 2003[, December 31, 2004, and December 31, 2007]"
9  (Id. No. 2, No. 4, No. 6.)

10  "Despite notice and demand for payment, Defendants have
11  failed to pay the entirety of their tax liabilities for tax years
12  2003, 2004, and 2007." (Id. No. 7.)

> The balance of the federal income tax liability, including penalties and interest and minus any credits for payment received, due from Defendants for the tax year 2003, through October 31, 2015, is $135,488.54. This amount reflects $2,823.13 in assessed tax, $33,784.74 in failure to pay penalty, and $98,880.67 which represents accrued and unassessed interest.

(Id. No. 8.)

> The balance of the federal income tax liability including penalties and interest and minus any credits for payments received, due from Defendants for the tax year 2004, through October 31, 2015 is $477,893.68. This amount reflects $247,962.00 in assessed tax, $60,796.00 in failure to pay penalty, and $169,135.68 which represents accrued and unassessed interest.

(Id. No. 9.)

> The balance of the federal income tax liability, including penalties and interest and minus any credits for payments received, due from Defendants for

---

facts are "disputed." However, Defendants' evidentiary support does not controvert the evidence submitted by Plaintiff.

4

    the tax year 2007, through October 31, 2015, is $346,733.39. This amount reflects $216,675.00 in assessed tax, $54,102.24 in failure to pay penalty, and $75,956.55 which represents accrued and unassessed interest.

(Id. No. 10.)

  "As of October 31, 2015, Defendants are indebted to the United States in the amount of $960,116.01 for the tax years 2003, 2004, and 2007." (Id. No. 11.) "This amount reflects $467,460.13 in assessed tax, $148,682.98 in failure to pay penalty, and $343,972.90 in accrued and unassessed interest." (Id.)

### III. DISCUSSION

  The IRS tax assessments in the motion sub judice "establish that ... [the] assessments were properly made" for the years 2003, 2004, and 2007. Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992)). Since the assessments of taxes, penalties and interest against Defendants for these years have not been satisfied, Plaintiff's motion for summary judgment is granted.

  The Clerk of Court shall enter judgment in favor of the United States for tax years 2003, 2004, and 2007.

Dated:  November 19, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5